## Case No. 3,063.

COMMERCIAL NAT. BANK v. SIMMONS.
[See Case No. 3,062.]

## Case No. 3,064.

COMMERCIAL STEAMBOAT CO. v. DUTTON et al.

[2 Cliff. 537.][1]

Circuit Court, D. Rhode Island. Nov. Term, 1865.

### COLLISION—VESSEL AT ANCHOR.

A schooner was at anchor in good weather, on a clear day, and in a proper place in a harbor. The master of an in-coming steamer, supposing he could pass to one side of the anchored vessel, attempted so to do, but, in the attempt, his vessel touching the bottom, swung round and collided with the anchored vessel. *Held*, the master of the steamer was at fault in acting upon his own supposition, without proper investigation, that he could thus pass the schooner, and that the steamer was liable for the damage resulting from the accident.

[Appeal from the district court of the United States for the district of Rhode Island.]

Admiralty appeal in a cause of collision. The libellants and appellees [William Dutton and others] were the owners of the schooner Adelaide, and the appellants of the steamer Falcon. The schooner was lying at anchor in the harbor of Providence, between Crook buoy and Field's point; the steamer was entering the harbor coming from New York. The day was clear, without wind. The defence was, that the schooner was in the channel, and the master of the steamer, seeing a number of vessels at anchor near the same place, supposed he could safely pass the schooner thus at anchor; but the fact was, there was not room in the channel, and the steamer touched bottom, and while endeavoring to back the steamer down the channel, she swung round (the water being so low that she would not steer) and collided with the schooner. In the district court a decree was entered in favor of the libellants. [Unreported.]

A. Payne, for appellants.

G. H Browne and N. Van Slyck, for appellees.

CLIFFORD, Circuit Justice. The collision occurred in good weather, and on a clear day, and it is plain that there must be fault

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

on the part of one or the other of the two vessels.

The evidence shows that the schooner was at anchor, and there is no testimony that she was anchored in an improper place. The harbor regulations of the port of Providence proved that all vessels drawing over eight feet of water, approaching the harbor at any time other than at high tide, were required to come to anchor below the Crook, until the tide should allow them free passage. Irrespective of that regulation, however, it was the duty of the master of the steamer, seeing the schooner at anchor and in a helpless condition, to keep out of the way. The master, under the circumstances, had no right to act upon the erroneous supposition set up in the answer; and having done so, without any proper investigation, and a collision having occurred, the owners of the steamer are liable.

Decree of the district court affirmed, with costs.